UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LOUIS EMILIO ZITO,

                            Plaintiff,

    v.                                                     9:24-CV-0735
                                                               (GTS/CFH)

DANIEL F. MARTUSCELLO, et al.,

                            Defendants.
_____

APPEARANCES:

LOUIS EMILIO ZITO
Plaintiff, pro se
98-A-1417
Adirondack Correctional Facility
Box 110
Ray Brook, NY 12977


GLENN T. SUDDABY
United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

    Plaintiff Louis Emilio Zito commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. Dkt. No. 1 ("Compl."); Dkt. No. 6 ("IFP Application"); Dkt. No. 4 ("Motion for Counsel").

    By Decision and Order entered on July 23, 2024, the Court granted plaintiff's IFP Application, reviewed the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), and dismissed each of plaintiff's Section 1983 claims without prejudice for

1

failure to state a claim upon which relief may be granted.  Dkt. No. 8 ("July 2024 Order").[1]  In light of plaintiff's pro se status, he was afforded an opportunity to submit an amended complaint.  *Id*. at 10-11.

Presently before the Court is plaintiff's amended complaint.  Dkt. No. 11 ("Am. Compl.").[2]

## II. SUFFICIENCY OF THE AMENDED COMPLAINT

### A. The Complaint and July 2024 Order

In his complaint, plaintiff asserted claims against New York State Department of Corrections and Community Supervision ("DOCCS") Commissioner Martuscello and Adirondak Correctional Facility Superintendent Boyd based on allegations that he slipped and fell on a sidewalk at Adirondak Correctional Facility on December 11, 2023, as a result of officials at the facility failing to provide him with appropriate winter footwear and maintain the grounds after snowstorms.  Compl. at 4-5.

The complaint was construed to assert Eighth Amendment conditions-of-confinement claims against the named defendants.  *See* July 2024 Order at 5.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court dismissed plaintiff's claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.  *See* July 2024 Order at 6-12.

---

[1] In light of the dismissal of plaintiff's claims, the Court also denied the Motion for Counsel.  *See* July 2024 Order at 11.

[2] Although the amended complaint does not include a caption or parties section, the submission was accompanied by a cover letter bearing this case number, and captioned as "Amended Complaint."  Dkt. No. 11-1.

### B. Review of the Amended Complaint

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the July 2024 Order and it will not be restated in this Decision and Order. *See* July 2024 Order at 2-4.

As with the original complaint, plaintiff's amended complaint asserts claims based on a slip and fall incident at Adirondak Correctional Facility on December 11, 2023. *See generally*, Am. Compl. The pleading is materially similar to the original complaint, except that it includes additional allegations regarding the conditions of the sidewalk prior to plaintiff's fall and the scope of his injuries. While none of plaintiff's new allegations are material to the Court's analysis below, the following facts are set forth as alleged in the amended complaint.

On December 11, 2023, plaintiff approached an outside walkway that "had about 5 inches of snow on it." Am. Compl. at 1. "The walkway was not shoveled" and there was ice "under the snow[.]" *Id*. When plaintiff stepped on the snow-covered walkway, his left foot slipped, and he fell, causing him to injure his hip. *Id*. Plaintiff was unable to stand, and eventually placed on a gurney and moved to his room, before being escorted to an outside hospital later that day. *Id*.

At some point, plaintiff underwent hip replacement surgery. Am. Compl. at 1. Plaintiff believes his injuries were "a result of negligence on the part of facility [officials] for not

3

clearing the walkway and running the programs" despite the conditions of the walkway.  *Id*. at 2.

The Court liberally construes the allegations in the amended complaint to reassert Eighth Amendment conditions-of-confinement claims.  Moreover, because the pleading does not include a caption or parties section or otherwise expressly identify any official as a defendant, the Court can only assume that plaintiff does not wish to name anyone other than Commissioner Martuscello and Adirondak Correctional Facility Superintendent Boyd as a defendant.  *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."); *Abbas v. U.S.*, No. 10-CV-0141, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014) (the failure to name a party in the caption makes it "infeasible for the Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to which claims"); *McQueen v. United States*, No. 9:19-CV-0998 (TJM/CFH), 2019 WL 4221545, at *4 n.4 (N.D.N.Y. Sept. 5, 2019) ("The Court will not construe the Complaint to assert any cause of action against any individual not named in the caption or identified as a defendant.").

Plaintiff seeks money damages.  Am. Compl. at 2.  For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

**C.    Analysis**

As noted, the amended complaint is materially similar to the original complaint, with limited exception.  Importantly, as with the original complaint, the amended complaint does not include any allegations explaining how either of the named defendants were personally involved in any wrongdoing.

4

Furthermore, the amended complaint makes clear that plaintiff witnessed the snowy conditions on the walkway before his fall, and the pleading is devoid of allegations which plausibly suggest that any official forced him to walk along the area where he fell, let alone did so despite knowing that the outdoor conditions at Adirondak Correctional Facility presented a serious risk of injury to plaintiff.  In fact, even plaintiff expressly characterizes the failure to maintain the walkway as simply negligence, which, as noted in the July 2024 Order, is not enough to state an Eighth Amendment claim against any official.  *See* July 2024 Order at 8-10 (citing, *inter alia, McCray v. Lee*, No. 16-CV-1730, 2018 WL 1620976, at *7-9 (S.D.N.Y. Mar. 29, 2018) (concluding that a recreation area not entirely covered with ice did not present an objectively serious environment, and allegations that an official directed plaintiff into the recreation area where he slipped and fell on ice suggested, at most, negligence), *aff'd in pertinent part by* 963 F.3d 110 (2d Cir. 2020); *Heredia v. Doe*, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (dismissing a § 1983 claim based on an allegation that the plaintiff "slipped and fell while walking to his cell" because "the pleadings fail to state facts which constitute anything more than a claim for negligence, for which there is no cause of action under ... § 1983")).

Accordingly, and for the reasons set forth in the July 2024 Order, plaintiff's Section 1983 claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure

to state a claim upon which relief may be granted.  The Clerk is directed to terminate the defendants and close this case; and it is further

    **ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: September 20, 2024
      Syracuse, NY

_____
Glenn T. Suddaby
U.S. District Judge